NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELA HEARD, on behalf of herself and all other persons similarly situated,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>TORRANCE MEMORIAL MEDICAL CENTER, a Nonprofit Corporation,<br><br>        Defendant-Appellant. | No.   23-55345<br><br>D.C. No.<br>2:22-cv-09466-DSF-JPR<br><br><br>MEMORANDUM[*] |
| JANE DOE, individually and on behalf of others similarly situated,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>TORRANCE MEMORIAL MEDICAL CENTER,<br><br>        Defendant-Appellant. | No.   23-35336<br><br>D.C. No.<br>2:23-cv-01237-DSF-JPR |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted August 12, 2024[]
Pasadena, California

Before: EBEL,[***] BADE, and FORREST, Circuit Judges.

Defendant-Appellant Torrance Memorial Medical Center (Torrance) appeals the district court's remand orders. We have jurisdiction under 28 U.S.C. §§ 1291 and 1447(d). "[W]e review de novo a district court's decision to remand a removed case" and its "interpretation and construction of federal statutes." *Casola v. Dexcom, Inc.*, 98 F.4th 947, 953–54 (9th Cir. 2024). We affirm.

For federal-officer removal, the party seeking removal must establish, among other things, "a causal nexus between its actions, taken pursuant to a federal officer's directions, and [the] plaintiff's claims" and that it has "a colorable federal defense." *Doe v. Cedars-Sinai Health Sys.*, 106 F.4th 907, 913 (9th Cir. 2024) (alteration in original) (quoting *County of San Mateo v. Chevron Corp.*, 32 F.4th 733, 755 (9th Cir. 2022)); *see also* 28 U.S.C. § 1442(a)(1).

*Cedars-Sinai* is dispositive here. In that case, a hospital was sued in state court for its use of tracking technologies, including the Meta Pixel tool, on its website and patient portal, and the hospital asserted that removal was proper under § 1442(a)(1)

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

because it developed its website and patient portal under the objectives and requirements of the Meaningful-Use Program. *Cedars-Sinai*, 106 F.4th at 911–12, 917. We rejected this argument, holding that the government did not "delegate[] legal authority" to the hospital "to operate a patient portal *on behalf of* the government" and that the hospital did not "act[] under" a federal officer when it developed and maintained its website and patient portal. *Id.* at 915–18 (quoting *Mohr v. Trs. of Univ. of Pa.*, 93 F.4th 100, 105 (3d Cir. 2024)).[1]

Thus, *Cedars-Sinai* forecloses Torrance's argument that it acted under the direction of a federal officer when it developed and maintained its website and patient portal, as required for removal by § 1442(a)(1).

**AFFIRMED.**

---

[1]The Third Circuit in *Mohr* explicitly rejected the holding in *Doe I v. UPMC*, No. 2:20-cv-359, 2020 WL 4381675 (W.D. Pa. July 31, 2020), a case Torrance relies on in its brief. *See Mohr*, 93 F.4th at 106.